IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. 24-269 |
| JAMES MUIR, | * | |
| Defendant. | * | Hon. Cathy Bissoon |

**SENTENCING MEMORANDUM**

James Muir will be sentenced by this Court next week. As the Court is aware, the parties have entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and agree that the appropriate sentence is a total term of imprisonment of 240 months, followed by a term of supervised release. For the reasons below, the Court should accept the parties' negotiated plea agreement and impose the agreed-upon sentence. The agreed-upon sentence is sufficient but not greater than necessary to fulfill the purposes of sentencing under 18 U.S.C. § 3553(a).

For the reasons set forth in this Memorandum, Mr. Muir asks this Court to accept the proposed plea agreement and sentence Mr. Muir to a term of 240 months. Such a sentence is sufficient but not greater than necessary, after consideration of the § 3553(a) factors, as explained below.

\*          \*          \*

Federal sentencing is not a math problem. Regardless of what sentence the guidelines recommend, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual

and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."[1] In making that decision, the guidelines "are only one of the factors for a district court to weigh" and the Court "may not presume that the guidelines range is reasonable."[2] Ultimately, the Court's task is to weigh all of the sentencing factors under § 3553(a) and determine what sentence is "sufficient, *but not greater than necessary*, to comply with the purposes of sentencing."[3] Here, in view of those factors, the 240-month sentence agreed to by the parties is more than sufficient.

I.  **The nature and circumstances of the offense.**

Mr. Muir will plead guilty to one count of 18 U.S.C. § 2251(a) and (e) and one count of 18 U.S.C. §2252(a)(2) and (b)(1). Mr. Muir does not dispute the allegations in this case and accepts full responsibility for his actions.

II. **Mr. Muir's history and characteristics support the proposed plea agreement.**

Mr. Muir is 60 years old. His age is a factor for the Court to consider and a strong reason to accept this proposed plea. When Mr. Muir is released, he will be in his late 70's. This matters for two reasons. First, according to the Sentencing Commission and other research, "[o]lder offenders [are] substantially less likely than

---

[1]  *Concepcion v. United States*, 142 S. Ct. 2389, 2393 (2022).

[2]  *United States v. Arrelucea-Zamudio*, 581 F.3d 142, 147 (3d Cir. 2009).

[3]  18 U.S.C. § 3553(a) (emphasis added).

younger offenders to recidivate following release."[4] Second, as age increases, the danger that a twenty-year prison sentence will amount to a life sentence looms larger. And while the BOP of course attempts to provide medical care to those it incarcerates, the nature of prison bureaucracy and BOP's heightened security needs mean that, even without malintent by officials or institutions, delays and limitations in the availability of medical care are a well-documented reality behind federal walls. Thus, as the DOJ's Inspector General has recognized, "aging inmates experience delays receiving medical care."[5]

The incarceration of older inmates has also been found to accelerate the normal "aging process" in those inmates "to an average of 11.5 years older than their chronological ages after age 50."[6] That is due to the fact that inmates coming to prison for the first time after the age of 50, like Mr. Muir, are "likely to have problems

---

[4] U.S. Sentencing Commission, *The Effects of Aging on Recidivism Among Federal Offenders*, p. 3 (2017).

[5] DOJ OIG, *The Impact of an Aging Population on the Federal Bureau of Prisons*, at p. ii (2015) (available at link); *see also id.* ("For example, using BOP data from one institution, we found that the average wait time for inmates, including aging inmates, to be seen by an outside medical specialist for cardiology, neurosurgery, pulmonology, and urology to be 114 days."); DOJ OIG, *Review of the Federal Bureau of Prisons Medical Staffing Challenges*, at p. 1 (2016) (available at link) ("[T]he BOP's total medical staff was approximately 17 percent less than what the BOP projected was necessary to provide what it considers to be 'ideal' care."); *see, e.g., United States v. Smith*, 464 F. Supp. 3d 1009, 1019 (N.D. Iowa 2020) ("Medical records, however, indicate that the BOP knew or should have known that Smith had signs of lung cancer that could have been addressed much sooner.").

[6] US DOJ National Institute of Corrections, *Correctional Health Care: Addressing the Needs of Elderly, Chronically Ill, and Terminally Ill Inmates* (2004) (available at link).

adjusting to prison since they are new to the environment, which will cause underlying stress and probable stress-related health problems."[7]

Mr. Muir has no criminal history and was employed by Bairl Pharmaceutical Company for over 27 years as a Quality Assurance Technician. He has stayed busy during his incarceration, completing as many educational courses as he could during his time at Allegheny County Jail. Mr. Muir plans to participate in additional programming during his incarceration.

Mr. Muir has been remorseful since before he was indicted. He was cooperative with law enforcement and voluntarily turned himself in and gave a statement admitting to the allegations in this case. He is taking full responsibility for his actions.

Mr. Muir has had unwavering support from his cousin, Susan Horne, during his incarceration and will continue to have her support upon his release.

## III. The need for the sentence imposed.

The agreed upon sentence adequately reflects the seriousness of Mr. Muir's offense. Mr. Muir has no criminal history and, accordingly, has never served any time in jail prior to his arrest on this case. The agreed upon sentence of 240 months will undoubtedly serve as sufficient deterrence in this case.

---

[7] *Id.*

\*          \*          \*

For all the reasons above, the Court should accept the parties' proposed plea agreement and sentence Mr. Muir to 240 months.

Respectfully submitted:

James Muir

By counsel:

/s/ *Elizabeth Patton*
Elizabeth Patton
Assistant Federal Public Defender